UNITED STATES of America

v.

**David F. WILSON.**

**Crim. No. 78–25.**

United States District Court,
W. D. Pennsylvania.

March 30, 1978.

Joel B. Strauss, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Thomas S. White, Asst. Federal Public Defender, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

ROSENBERG, District Judge.

This matter is now before me on a motion and an amendment to the motion of the defendant, David F. Wilson, to suppress the search warrant and evidence. This defendant and another was charged with the violation of various federal firearms' statutes based upon alleged receipt and possession of a sawed-off shotgun.

Counsel for the parties stipulated at the hearing held on the motions that the shotgun was seized from a house trailer on April 29, 1976, pursuant to a search warrant issued by a Magistrate for the Commonwealth of Pennsylvania to a Pennsylvania State Trooper. An agent of the Bureau of Alcohol, Tobacco and Firearms accompanied the State Trooper in the execution of the warrant. Following the law enforcement officers' entry, the defendant Wilson made inculpatory statements to the officers.

The defendant contends that the affidavit for the search warrant fails to establish the reliability of the facts recited therein to establish probable cause for the search. At the hearing on the motions, the Government offered the search warrant in evidence and maintains that it is the "four corners" of the instrument which governs the determination of this case. *United States v. Anderson*, 453 F.2d 174, C.A. 9, 1971.

The attack is made upon the warrant because the defendant asserts that it was issued in violation of the principle laid down in *Aquilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, 1964, requiring a two-prong test to be made by the magistrate before the issuance of a warrant: First, that the defendant is entitled to have a neutral judge or magistrate determine that there are facts which support the affiant's reasonable belief that the informant is credible; and Second, that there are facts from which the affiant can form a reasonable belief that the crime has been committed.

The shortcoming of the information upon the warrant as issued, as the defendant asserts, is that it does not contain facts indicating how the informant came by his information and of the insufficient details to evidence "an inherent reliability of the information". The affidavit upon which the search warrant was issued includes the following:

"Identify items to be serached for and seized (be as specific as possible):

a sawed-off shotgun, Herrington & Richardson Topper Model 128, single barrel and a handgun of unknown calibre, but stated to be a .38 calibre,"

"Specific description of premises and/or persons to be searched (Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.):

A House trailer, light green in color, with aluminum top, located behind the Texaco Service Station and Garage operated by Emerick's, and located along rte 31, Donegal Township, having a frame porch on the east side, Westmoreland County. Also a Red Chev Reg. No. 8B8308, registed (sic) in the name of Shirley A. Wilson, Box 86, Donegal, Pa. said vehicle has a black stripe on trunk lid."

"Probable cause belief is based on the following facts and circumstances:

On the 23rd day of April, 1976, the affiant received information from a reliable confidential informant who has furnished reliable information in the past that has led to three arrests and convictions on Burglary, Receiving Stolen Property, in the Courts of Westmoreland County. Said informant having stated that at the above described property location on the east side of the above rte and aforementioned description and most particularly within the Mobilhome, more specifically, under the sink, is located the one item, a sawed off shotgun, and also that in the aforementioned vehicle, the hand-

gun is located, however, this search warrant is to include both the above described locations (trailer and Vehicle) and any and all curtelage. The aforementioned information was supplied by the informant on April 23, 1976 and again April 29th, 1976 whereas the informant stated that from the 23rd to the 29th day of April, 1976, the aforementioned items were still in existance at that location or locations. The above information is based on the information received by the affiant and all of which he believes to be true and correct to the best of his knowledge and belief."

The affidavit was made by a State police officer before a State magistrate.

The basis of the defendant's objection then is that the magistrate was not sufficiently informed as to the credibility of the informant, and of the reliability of the informant's information. 378 U.S. at page 114, 84 S.Ct. 1509. The defendant takes no issue with the facts submitted in the affidavit to establish the credibility of the informant. Nor is the credibility of the informant based upon past proven reliability challenged.

The defendant contends here that the second prong of the *Aquilar* test is not met because there is no showing of facts in the affidavit from which it can be reasonably inferred that the informant obtained his information in a reliable way. *Spinelli v. United States*, 393 U.S. 410, 452, 89 S.Ct. 584, 21 L.Ed.2d 637, 1969.

In evaluating the affidavit for the search warrant in the way in which the magistrate was required to do, we see that it states that ". . . the affiant received information from a reliable confidential informant who has furnished reliable information in the past that has led to three arrests and convictions on Burglary, Receiving Stolen Property, in the Courts of Westmoreland County."

Since the defendant does not challenge the credibility of the informant, the magistrate then knows that the affiant State police officer had a reliable and credible source for information. And if that was not enough, the fact appears that the affiant State police officer received from this reliable and credible source specific information for a period between two dates, on April 23, 1976 to April 29, 1976. And furthermore, that the facts as they existed on April 23rd were still in existence on April 29th. If, then, the magistrate needed something more to base a conclusion or an inference that the informant obtained the information in a reliable way, the affiant went on to state that "the sawed-off shotgun" was a "Herrington & Richardson Topper Model 128, single barrel" and that "a handgun of unknown calibre, but stated to be a .38 calibre" was the subject matter for the search. If the magistrate needed something more, the affiant went on to tell him the reliable and credible source was the informant, and stated not only the premises in which the forbidden shotgun and handgun were located as being "property location on the east side of the above rte and aforementioned description" and "most particularly within the Mobilhome". If any further reliability and credibility were needed by the magistrate, he was told that it was "more specifically, under the sink" where the sawed-off shotgun was located, and the handgun in the aforementioned vehicle. With such specificity, clarity of factual information existed.

While the instant affidavit may not contain an express statement as to how the informant came by his knowledge, the expressed specificity does constitute a satisfactory knowledge under the second prong of *Aquilar, supra*. This specificity then fulfills the second prong required as to how the affiant received the information and placed reliance upon substantial factual matters as would indicate that the basis was not simple rumor or idle gossip.

This is in accord with *Spinelli, supra*, where at page 416, 89 S.Ct. at page 589, the Supreme Court instructs that,

"In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the mag-

istrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation."

There is no doubt here that the affidavit described the criminal activity in sufficient detail as to establish the reliability of the informant's information. As such it displaces the need to set forth the source of the information.

The crimes related in the instant affidavit were crimes of unlawful possession. Such crimes do not admit of the same complexity found in many other crimes. It is obvious from the affidavit itself that the informant did possess as many details of the offenses as the offenses would admit. The informant not only knew of the nature and location of the two weapons in question, but also was able to reconfirm their presence seven days later. Such specificity was sufficient to assure a judicial officer that the informant was not speaking from mere rumor or general reputation of the accused. *United States v. Jenkins*, 525 F.2d 819, C.A. 6, 1975.

Probable cause for the issuance of the search warrant thus existed for the satisfaction of law. The police officer had reason to believe that his informant was reliable and the magistrate was satisfied, on the whole, that the information disclosed by the informant, confirmed by the information of the affiant as to his knowledge of the reliability of the informant, was trustworthy. This is all that the law demands. *Von Utter v. Tulloch*, 426 F.2d 1, C.A. 1, 1970, cert. den. 400 U.S. 826, 91 S.Ct. 50, 27 L.Ed.2d 55.

Accordingly, the motion and the amended motion to the motion to suppress will be denied.